FILED
CLERK
7/10/2019 2:51 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GUILLERMO TORRES, #18-A-4261,

                  Plaintiff,

      -against-

THOMAS J. SPOTA, A.D.A. KATE WAGNER,
D.A. TIMOTHY SINI, JOHN/JANE #1, HON. MARK D.
COHEN, HON. RICHARD AMBRO, CHRISTOPHER
J. CASSAR, ESQ., and KEITH O'HALLORAN, ESQ.,

                  Defendants.
----------------------------------------------------------------X

**ORDER**
19-CV-00296 (JMA) (GRB)

**AZRACK, United States District Judge:**

      On January 31, 2019, incarcerated pro se plaintiff Guillermo Torres ("plaintiff") commenced this action against former Suffolk County District Attorney Thomas J. Spota ("Spota"), Assistant Suffolk County District Attorney Kate Wagner ("Wagner"), Suffolk County District Attorney Timothy Sini ("Sini"), the Honorable Mark D. Cohen, Acting Justice, New York State Supreme Court, Suffolk County ("Cohen"), the Honorable Richard Ambro, Justice, New York State Supreme Court, Suffolk County ("Ambro"), Christopher J. Cassar, Esq. ("Cassar"), Keith O'Halloran ("O'Halloran"), and unidentified "John/Jane Doe #1" (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. However, plaintiff did not file the required Prisoner Litigation Authorization Form ("PLAF") with the complaint. Accordingly, by Notice of Deficiency dated January 31, 2019 ("Notice"), plaintiff was instructed to complete and return the enclosed PLAF within fourteen (14) days from the date of the Notice in order for his case to proceed. On February 13, 2019, plaintiff timely filed the PLAF.

The Court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the reasons that follow.

## I.     BACKGROUND[1]

Plaintiff's brief complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges that, on August 17, 2016, in the Supreme Court of the State of New York, Suffolk County:[2]

> I was denied and deprived of my rights and safeguards guaranteed by the United States Constitution as described in Amendments number V (five), VI (Six), XIV (fourteen), the Due Process Clause, and the Equal Protection of the Laws Clause, when I was denied of my right to testify before the grand jury under Indictment # 01574-2016, when I was denied the right to a proper grand jury indictment pursuant to New York State Crim. Proc. Law 200.50(8) and CPL 200.50(9), when an UNKNOWN or UNIDENTIFIED person (hereinafter referred to as John/Jane Doe #1) illegally or without legislative authority FORGED the Former Suffolk County District Attorney's, Mr. THOMAS J SPOTA, respective name and signature and FORGED the grand jury foreperson's respective name and signature on Indictment #:01574-2016, when CHRISPTOPHER J. CASSAR and KEITH O'HALLORAN deprive me of effective assistance of counsel and instead always kept on misleading me and the Courts, when Judge MARK D COHEN and Judge RICHARD AMBRO failed to safeguard and protect my U.S. Constitutional rights from being viciously violated by condoning illegal or unconstitutional practices.

(Compl. ¶ II. A–D.) As a result, plaintiff claims to have suffered "emotional and phycological distress, paranoia, insomnia, mental anguish and trauma, stress, [and] depression" for which he seeks to recover a damages award in the amount of $40 million (Id. ¶¶ III, V.)

On January 15, 2019, plaintiff filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 (19-CV-278) wherein he stated that he was sentenced on October 31, 2018

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

following his conviction under Indictment number 01574-2016, which is the same criminal case underlying his claims in this Complaint.[3]

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). Additionally, the Court is required to read the plaintiff's pro se complaint liberally and interpret it

---

[3] The Court notes that this petition is his second brought pursuant to 28 U.S.C. § 2241. On December 11, 2018, the Court dismissed his petition pending under Docket No. 18-CV-4681 without prejudice.

as raising the strongest arguments it suggests. See United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (internal citation omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

### 1. Plaintiff's Conviction Bars His Section 1983 Claims

As is readily apparent, plaintiff's claims call into question the validity of his underlying criminal conviction and are thus barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the U.S. Supreme Court held that a claim for money damages is not cognizable under Section 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. It is well established under Heck that a plaintiff must allege and prove that his state court conviction or sentence has been invalidated before he can seek and

4

recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated . . . is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486–87).

Here, plaintiff has not alleged that his conviction "'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Id. (quoting Heck, 512 U.S. at 487). Thus, Heck's bar precludes review of plaintiff's Section 1983 claims. Rather, plaintiff's exclusive avenue to pursue his claims is through a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Heck, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); see also Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed."). Indeed, plaintiff has already filed a habeas petition in this Court (19-CV-278). Given that plaintiff's Section 1983 claims are barred from review at this juncture, they are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).[4]

---

[4] Notably, even if Heck did not bar adjudication of plaintiff's claims, given that he seeks to sue the judges who presided over his state court criminal case as well as the state prosecutors, such claims would be barred by absolute judicial, prosecutorial, and Eleventh Amendment immunity. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 437–38 (1976) (principles of judicial immunity from suit apply to prosecutors); Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (when a district attorney decides whether to prosecute, he or she is representing the State not the county and is, thus, entitled to invoke Eleventh Amendment immunity); Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (finding that absolute immunity protects a prosecutor "not only from liability but also from suit").

### 2. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

### 3. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5

(E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defect in plaintiff's claims is substantive and could not be cured in an amended pleading, amendment would be futile. Thus, leave to amend the complaint is denied.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is sua sponte dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) because the Heck rule precludes plaintiff's claims. The Court also declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice. Finally, leave to amend the complaint is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall mail a copy of this Order to the plaintiff, enter judgment, and mark this case closed.

**SO ORDERED.**

                                                  /s/ (JMA)
                                                  JOAN M. AZRACK
Dated:     July 10, 2019                         United States District Judge
              Central Islip, New York